(C. D. 271)

INTERNATIONAL TOBACCO CO. OF AMERICA *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 22, 1939)

*Booth & Conner* (*Alexander Galt Booth* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This cause is before the court on a motion for rehearing of a decision reported in Volume 3 Cust. Ct. 18, C. D. 227. In that decision we stated:

Under these circumstances it is our opinion that the importer should have been permitted to file any additional paper required by the collector at Louisville in order to complete his attempted amended entry as of the date when the collector at Louisville was advised of the decision of the Commissioner to the effect that the

so-called English tariff duty did not constitute part of the dutiable value, in order that said importer may have an entered value in conformity with the one he expressly requested authority to make.

We further stated:

We therefore hold that the plaintiff's claim that he should have been allowed to amend his entry is sustained and such amendment should be allowed as of the time when the collector received the information from the commissioner of customs giving a final decision of the Bureau of Customs as to the dutiability of the item in question. Such amendment should be allowed to be filed *nunc pro tunc*. We so hold.

Upon receipt of the motion for rehearing the court has re-examined the entire record and, while we are of the opinion that the protest should be sustained, we are convinced that there are better grounds for sustaining said protest than those stated in the original opinion.

First, there is no evidence in the record that the collector at Louisville requested or required the filing of any additional papers or documents. It is clear from the whole proceeding that he was of the opinion that the entry should be proceeded with as though the amended invoice of August 12, 1937, constituted an amended entry, and he did proceed upon that basis. The amended consular invoice was noted as such and a stamp was imprinted on the back thereof to this effect:

Replaces invoice No. 11810 certified on Apr. 9, 1937, naming New York, as port of arrival, and Louisville, Ky., as port of entry.

Article 302 of the Customs Regulations of 1937 provides:

Art. 302.

(d) * * *

(1) When the importer desires to amend an entry, he shall file the amendment with the collector in duplicate specifying the items affected and the amount of the addition or deduction made. The amendment may be made on the same form as the original entry.

It will be noted that the last sentence states that the amendment may be made on the same form as the original entry. We think the practice generally is to require the amendment to be made on the consumption entry blank and that procedure may serve the convenience of the customs officials, but it must be noted that the regulation states that the amendment *may* be made on such form, not that it must be so made. In the instant case consumption entry 243 carries a red-ink notation thereon which to the court's mind conveys the idea that the collector thought it was not necessary to require an additional white blank to be filled out because the entry at the foreign value as approved by the Commissioner of Customs was noted thereon but was later scratched out, apparently in accordance with the directions of the Comptroller.

It is observed that some correspondence passed between the Bureau of Customs and the collector's office which brought forth a ruling

such as was finally adopted by the Comptroller. That correspondence is not before the court and it may be that the amended consular invoice was not sent forward. Certainly the Bureau made no ruling on the question as to whether that amended invoice coupled with all the facts submitted would not serve to constitute an amendment of the entry in question. It would seem unconscionable to hold that because an importer did not fill out a blank white form to accompany a blank blue form he should be mulcted of duty which he ought not be compelled to pay. The only additional information on the white form is the indication that the entry is to be a consumption entry, and in our judgment the blue amended invoice was rightfully held by the collector to be an amendment to the consumption entry. In any event, that is the holding of the court.

For the foregoing reasons we adhere to our decision that the protest should be sustained but upon the grounds above set forth, viz, that the importer amended his entry within the statutory time. The motion for rehearing will therefore be overruled but the right is reserved to both parties herein to move against the court's amended opinion.

Judgment will be rendered accordingly. It is so ordered.